HIRAM LEE *vs.* THE HOWARD FIRE INSURANCE COMPANY.

An applicant for insurance on goods stated their value to be from $2,000 to $3,000, and also covenanted with the company that the application was "a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same are known, and are material to the risk." *Held,* that the policy being an open one, was not void, although the insured knew that he had not goods on hand at the time of insurance to the amount of $2,000, if such representation was made in good faith that the stock on hand, together with those to be added and kept during the policy, should range in amount from $2,000 to $3,000.

THIS was an action upon a policy of insurance issued by the defendants to the plaintiff upon "goods running from $2,000 to $3,000 in value, his own, or held by him for others on commission, provided that in case of loss the company will not be liable for more than three quarters of the cash value of the property insured at the time of the loss: the same being contained in a one story wooden building situated on the corner of Main and Warren streets, in Concord, as described in survey No. 4,277, on file in this office, which is made a part of this policy and warranty on the part of the assured." At the trial in this court before *Merrick,* J. the defendants produced the survey and application, containing this stipulation: "And the said applicant hereby covenants and agrees to and with the said company, that the foregoing is a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant, and are material to the risk."

The fourth and sixth conditions of the policy in suit were as follows; "4. A false description by the assured, of a building insured, or of its contents, or in a valued policy, an overvaluation, shall render absolutely void a policy issuing upon such description or valuation. But the office will be responsible for the accuracy of surveys and valuations made by its agents. 6. Property held in trust, or on commission, must be insured as such; otherwise, the policy will not cover such property

and in case of loss, the names of the respective owners shall be set forth in the preliminary proofs of such loss, together with their respective interests therein."

A loss by fire was proved to have occurred on the 23d of August, 1851, and also a notice thereof to the defendants, in the manner required by their conditions of insurance. The plaintiff also proved that goods to the cash value of five hundred and six dollars, had been consigned to him by John Pettengill and son, on the day the fire took place, and were consumed with the plaintiff's own goods, and that no particular contract had been made by Pettengill and son with the plaintiff as to the terms on which said goods were to be sold; only that the plaintiff was to sell them at auction or private sale, and account for the proceeds for a commission thereafterwards to be agreed upon. There was no contract of any kind between the plaintiff and Pettengill and son, that the plaintiff was to insure the goods, nor had the plaintiff made any advances upon them, and there was no evidence to show that Pettengill and son knew of the plaintiff's policy. The defendants asked the court to instruct the jury, that the plaintiff could not recover the full three quarters of the value of said goods so consigned, but only to the extent of his interest in them, but the court declined so to rule, but did instruct the jury that under the circumstances, if the plaintiff was entitled to recover any thing, he would be entitled to the full three fourths of the value of said consigned goods. The defendants offered evidence tending to prove that at the time of making the written survey or application referred to in the policy sued on, and upon which the same was issued, that the goods in the plaintiff's shop, described in said application, were of much less value than $2,000, and that the plaintiff knew that the value of said goods was much less than $2,000 at the time he made said application, and requested the court to instruct the jury that if the goods in the plaintiff's shop, at the time of making said application, were of a much less value than $2,000, and the plaintiff knew that fact, such fact would constitute a defence to this action. The court declined so to rule, but did rule that if the goods then actually on hand in the plaintiff's

shop at the time of making said application, were of a much less value than $2,000, and were known by the plaintiff to be so, yet if said representation was made by him in good faith and in reference to a stock of goods of which those on hand should constitute a part, varying in value from $2,000 to $3,000, thereafterwards to be kept by him in his store during the period of time for which he was insured, and which stock he then expected and intended to keep therein during said time, the said representation so made would not be a defence to this action. The jury found a verdict for the plaintiff for $1,472.34, and the defendants excepted to these rulings.

*J. G. Abbott,* for the defendants. 1. The representations of value, by the express written part of the policy, was made a part of the warranty on the part of the plaintiff and must be correct and true, or it avoids the contract. Arnould on Insurance, 578; *Pittegrew* v. *Pringle,* 3 Barn. & Ad. 514; *Graham* v. *Barras,* 5 Barn. & Ad. 1011; *Worsley* v. *Wood,* 6 T. R. 710; 1 Marsh. on Insurance, 357; 1 Duer on Insurance, 76, 77; *Jefferson Ins. Company* v. *Cotheal,* 7 Wend. 72; 1 Phillips on Insurance, 347, *c.* 9, § 9. 2. In policies of insurance, whatever fact the assured chooses to warrant, must exist according to the warranty, or it avoids the policy; the materiality of it, or the good faith of the party making the warranty, cannot change the result. Arnould on Insurance, 581, § 214; *De Hahn* v. *Hartley,* 1 T. R. 345, 346; *Newcastle Fire Ins. Company* v. *McMorran,* 3 Dow's Cases, 235; 1 Phillips on Insurance, *c.* 9, § 10; *Duncan* v. *Sun Fire Ins. Company,* 6 Wend. R. 488; *Fowler* v. *Ætna Insurance Company,* 7 Wend. 270; 1 Marsh. on Insurance, 354, 355; *Burritt* v. *Saratoga County M. F. Ins. Company,* 5 Hill, 193; *Williams* v. *New England M. F. Ins. Company,* 31 Maine, 224. 3. In this case, having expressly warranted that the value of the stock was from $2,000 to $3,000, the court ruled that even if the assured knew that this was not true, and that the value was much below $2,000, it would be of no consequence, if he intended to make the stock of the value represented and acted in good faith; that is, although the defendants, before they made the contract of insurance, required the plaintiff to

warrant the existence of a certain fact, still they are bound by the contract, although the fact did not exist, and the plaintiff knew it; provided he intended, by his subsequent acts, to make it true for the future, which state of things was not known to the defendants. 4. The warranty was not what should, for the future, be the value of the stock ; it was what was its then, present value ; the defendants protected themselves against the future reduction or increase of it, by providing that in no case should their liability exceed $2,000, or three quarters the value of the property destroyed. It would be very doubtful whether the contract would ever have been made upon the mere representation of an intention to make the value of the stock of its represented value. *Davenport* v. *New England Ins. Company,* 6 Cush. 340. 5. The case might have been different if the plaintiff, in good faith, had put an estimate of value on the property, which was in fact too large, he believing himself correct and being mistaken ; as it might be urged that in reference to value, it being a matter of opinion to some extent, a proper construction of the warranty would be that the plaintiff contracted that he gave an estimate which he believed to be correct, but in this case the facts find the plaintiff knew the fact warranted did not exist.

*B. F. Butler,* for the plaintiff.

THOMAS, J. The first point raised upon the exceptions, that the defendants were not liable for the goods for sale on commission, was not pressed in the argument. They were within the express terms of the policy.

The second, we think, cannot be maintained. It is that there was a warranty of the value of the goods, and that this warranty not being true, the policy was avoided. With a strict technical warranty, an exact compliance is doubtless requisite, though on this subject there has been far too much adherence to the letter and consequent sticking in the bark. Though the word " warranty " is used, we must look at the whole contract to find whether a strict warranty is intended by the parties. The " survey is made part of the policy and warranty on the part of the assured." But the covenant and agreement of the survey is, that it is a just, full,

and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant and are material to the risk; so that taking the clauses together, the warranty is not of the literal truth of the facts, but that they are true, so far as they are material to the risk. That this was an open policy, seems to be clear, as well from the subject of insurance, as from the terms of the contract. The subject of insurance is merchandise to be sold from time to time at auction, the amount of which must be varying necessarily from day to day. Nor can the statement of the exact amount be material, even if it were practicable, as by the terms of the contract the insurers are not liable in any event for more than three quarters of the cash value of the property insured at the time of the loss. In looking at the conditions of insurance which are referred to and made part of the policy, the same result would be reached No. 4 of the conditions is, that a false description by the assured of a building insured or of its contents, or in a valued policy, an overvaluation shall render void a policy issuing upon description or valuation. The condition is not extended to open policies, but *expressio unius est exclusio alterius.* We think the law was correctly stated by the presiding judge, and judgment must be entered on the verdict.

*Exceptions overruled.*